JOHN BANKS, plaintiff in error, vs. ROBERT E. DIXON, adm'r, defendant in error.

Upon an application to establish a lost paper, the affidavit as to the existence of the original, its loss, and the copy of the instrument, need not be made by the party, but by any one who best knows the facts.

Motion to establish a lost paper, from Muscogee county. Decided by Judge WORRILL. May Term, 1857.

Banks vs. Dixon, adm'r.

A motion was made to establish a copy of a receipt, which had been mislaid or destroyed. In support of this motion an affidavit was made by William Dougherty, one of the firm of Dougherty & Stokes, to the effect that the receipt had been placed in their hands for collection, but that before the same was collected the original receipt had been lost, and that the copy attached to his affidavit was a copy, in substance, of the original receipt.

To the establishment of the copy upon this proof, the defendant objected, on the ground that under the Act of 1856, the copy should be verified by the affidavit of the party himself. This objection the Court sustained and refused to establish the copy; and to this decision plaintiff excepted.

W. Dougherty, for plaintiff in error.

R. E. Dixon; and Jones & Jones, contra.

By the Court.—Lumpkin, J. delivering the opinion.

The only question in this case is, upon an application to establish a lost paper, must the copy of the instrument be sworn to by the party and nobody else, or may it be verified by one, in whose hands the paper was lost?

The Act of 1856 simply declares that "the copy shall be sworn to," without saying by whom. (See Pamphlet Acts, p. 238.) That being so, we see no reason why the affidavit may not be made by the person who best knows the facts and this was done in the present case.

Judgment reversed.